IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE NORTH CAROLINA ) | |
| GROWERS' ASSOCIATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:11-cv-00198-WO-LPA |
| v. ) | |
| ) | |
| HILDA L. SOLIS, U.S. ) | |
| DEPARTMENT OF LABOR, MAS ) | |
| LABOR, MAS-H2A, K-T LABOR, ) | |
| AWMA L.L.C., ANDREW JACKSON, ) | |
| and LABOR SERVICES ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendants. | |

---

### DEFENDANTS MAS LABOR, MAS-H2A AND LABOR SERVICES INTERNATIONAL'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLANIT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Mid-Atlantic Solutions, Inc., incorrectly identified as MAS Labor, and MAS Labor H2A, LLC, incorrectly identified as MAS-H2A (collectively as "MAS Labor") and Labor Services International ("LSI"), by counsel, state as follows in support of their Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"):

**I.    Statement of the Nature of the Matter Before the Court**

On March 11, 2011, The North Carolina Growers' Association, Inc. ("NCGA" or "Plaintiff") filed suit in this Court seeking declaratory relief against the United States Department of Labor ("DOL") under the Administrative Procedures Act ("APA"), 5

U.S.C. § 701 *et seq*. *See* Plaintiff's Complaint at 14-15 (Dkt. Entry 1). Plaintiff also named non-governmental entities MAS Labor, K-T Labor, AWMA, L.L.C. and Andrew Jackson as co-defendants. *Id*. (Dkt. Entry 1). On March 24, 2011, Plaintiff filed a First Amended Complaint ("Amended Complaint"), adding LSI as a co-defendant. *See* Dkt. Entry 6. In its Amended Complaint, Plaintiff alleges that the DOL has taken "actual or constructive enforcement positions" with respect to a variety of issues surrounding the use of H-2A workers. *See* Amended Complaint at ¶1 (Dkt. Entry 6). Plaintiff seeks declaratory relief that these "actual or constructive enforcement positions" are unlawful. *Id*. at ¶¶30-34 (Dkt. Entry 34). Plaintiff does not seek any relief against the non-government parties, including Defendants MAS Labor and LSI. *Id*. (Dkt. Entry 6).

Defendants MAS Labor and LSI now bring this Motion to Dismiss asking for dismissal of Plaintiff's Amended Complaint for lack of subject matter jurisdiction. First, Plaintiff's Amended Complaint presents no justiciable case or controversy; it is nothing more than an impermissible attempt to have this Court step into the DOL's shoes and determine the appropriate interpretation of laws and regulations applicable to the H-2A program. Additionally, Plaintiff seeks to have this Court invade matters that are committed to the DOL's sole discretion, and, as such, are unreviewable under the APA. Finally, even if the Court found it did have subject matter jurisdiction, Defendants MAS Labor and LSI are not required parties under Federal Rule of Civil Procedure 19 ("Fed. R. Civ. P."). Therefore, Plaintiff's Amended Complaint does not state a claim upon which relief can be granted against these non-governmental parties.

## II. Statement of Facts

Plaintiff brings this action seeking declaratory relief and a Court order that the DOL take certain "enforcement positions" with respect to the H-2A program. *See* Amended Complaint at ¶1 (Dkt. Entry 6). The H-2A program "provides legal means by which agricultural employers can obtain the temporary services of foreign agricultural workers when U.S. workers are unavailable." *Id*. at ¶11 (Dkt. Entry 6). The DOL is responsible for the administration of the H-2A program. *Id*. at ¶6 (Dkt. Entry 6). Plaintiff and the non-government defendants (MAS Labor, LSI, K-T Labor, AWMA, L.L.C. and Andrew Jackson) all participate in the H-2A program. *Id*. at ¶¶4, 7-10.

As participants in the H-2A program, Plaintiff and the non-government defendants are subject to the Immigration Reform and Control Act ("IRCA") amendments to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq. See* Amended Complaint at ¶11. Congress tasked the DOL with implementing rules and regulations necessary to enforce IRCA. *Id*. at ¶6 (Dkt. Entry 6). In response, the DOL put forth, among other rules and regulations, the "Temporary Agricultural Employment of H-2A Aliens in the United States," Final Rule, 75 Fed. Reg. 6884 (February 12, 2010) ("H-2A Rule), to provide guidance to entities participating in the H-2A program. *Id.* at ¶1 (Dkt. Entry 1). If the DOL believes there are potential violations of IRCA or the H-2A rule, the DOL has the authority to conduct investigations and issue findings that may penalize an entity for non-compliance. *See e.g.* 20 C.F.R. §655.141; 20 C.F.R. §655.150.

Plaintiff's Amended Complaint is not challenging the validity of the H-2A rule nor is it challenging any finding or determination the DOL made after an investigation. *See*

Amended Complaint (Dkt. Entry 6). Instead, Plaintiff is requesting judicial interference because it is unhappy with the "clarification" it received after informally contacting the DOL for guidance. *Id*. at ¶¶17, 26. Plaintiff is using this action to bypass a DOL investigation in order to receive a judicial decree that its practices are in compliance with the applicable laws and regulations while its competitors are violating the law. *Id*. at ¶¶20-22, 27-29 (Dkt. Entry 6). Moreover, the DOL has yet to issue any formal opinion or official comment pertaining to the "enforcement positions" that Plaintiff describes in its Amended Complaint.

In Counts I and II, Plaintiff relies on the APA in seeking declaratory relief that the DOL's "actual or constructive enforcement positions" are arbitrary or capricious and not based on a reasonable interpretation of the law. *See* Amended Complaint at ¶¶ 31, 33 (Dkt. Entry 6). However, as the Amended Complaint admits, these "constructive" enforcement positions are not discrete decisions by the DOL but rather non-responses and terse instructions to Plaintiff's alleged requests for clarification. *Id*. at ¶¶17, 23 and 26 (Dkt. Entry 6). Plaintiff's Amended Complaint is nothing more than a broad policy attack on the DOL, an attack that the Supreme Court has held cannot be sustained in a court of law.

### III. Questions Presented

    A.    Does Plaintiff's Amended Complaint assert a justiciable case or controversy that allows this Court to maintain subject matter jurisdiction where it seeks judicial involvement in the DOL's

      enforcement of the laws and regulations applicable to the H-2A program?

  B. Should Plaintiff's Amended Complaint be dismissed for lack of subject matter jurisdiction where it does not challenge any final agency action taken by the DOL?

  C. Should Plaintiff's Amended Complaint be dismissed because it only challenges actions taken by the DOL that are committed to the DOL's sole discretion?

  D. Should MAS Labor and LSI be dismissed because they are not required parties under Fed. R. Civ. P. 19 and Plaintiff's Amended Complaint does not seek any relief against them?

**IV. Argument**

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), Plaintiff bears the burden of establishing that the Court has jurisdiction. *See e.g., Doe v. Bayer Corp.*, 367 F.Supp.2d 904, 908 (M.D.N.C. 2005), citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Here, Plaintiff cannot meet that burden as Plaintiff's Amended Complaint presents no justiciable case or controversy under the APA.

Plaintiff's Amended Complaint cannot be sustained under the APA as it is directly contrary to well-settled Supreme Court precedent. First, it does not challenge any discrete agency action. Rather, it attacks the DOL's "enforcement" of the laws and regulations applicable to the H-2A program and seeks to improve the DOL's performance

5

of its duties.  As stated in *Lujan v. National Wildlife Federation, et al.*, 497 U.S. 871 (1990), such an attack does not confer subject matter jurisdiction on the Court.  Second, the Court does not have subject matter jurisdiction over Plaintiff's Amended Complaint because it does not assert or complain of any "final agency action" -- a requirement for lawsuits brought under the APA.  *See Lujan*, 497 U.S. at 882; *Bennett v. Spear*, 520 U.S. 154 (1997).  Finally, Plaintiff's allegations pertain to conduct solely within the DOL's discretion, and as such, are not subject to review under the APA.  *See Heckler v. Chaney*, 470 U.S. 821 (1985).  Therefore, the Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

> **A.** **This Court does not have subject matter jurisdiction under the APA because Plaintiff's Amended Complaint does not present any justiciable case or controversy but rather is an attack on the DOL's actions that are not final and for which the DOL has complete discretion.**
>
> > **1.** **The Court does not have subject matter jurisdiction because Plaintiff's Amended Complaint is a broad pragmatic policy attack that does not present a justiciable case or controversy.**

Under the APA, for the Court to maintain subject matter jurisdiction, the case must be ripe for review.  *See e.g.*, *Digital Properties Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997).  For the Court to maintain jurisdiction over an action brought solely under the APA, Plaintiff must allege harm from a discrete agency action.  *Lujan*, 497 U.S. at 891.  Plaintiff's Amended Complaint should be dismissed because the Supreme Court has previously held that lawsuits such as the present action do not present justiciable cases or controversies and are nothing more than impermissible policy attacks.

6

In *Lujan*, the Supreme Court dismissed a complaint where the plaintiff alleged that government agencies allowed "rampant" violations of the law with regard to a land reclassification program. *See* 497 U.S. at 891. The Supreme Court held that a plaintiff:

> cannot seek *wholesale* improvement [of an agency's conduct] by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made. Under the terms of the APA, [a plaintiff] must direct its attack against some particular "agency action" that causes it harm. Some statutes permit broad regulations to serve as the "agency action," and thus to be the object of judicial review directly, even before the concrete effects normally required for APA review are felt. Absent such a provision, however, a regulation is not ordinarily considered the type of agency action "ripe" for judicial review under the APA until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him.

*Id.*

Applying *Lujan*, courts routinely find they lack jurisdiction for allegations akin to those in Plaintiff's Amended Complaint. For example, in *RCM Technologies, Inc. v. U.S. Dept. of Homeland Security*, 614 F.Supp. 2d 39 (D.D.C. 2009), the plaintiff sought an injunction against repeated denials of H-1B petitions. *Id*. at 42. As opposed to challenging an actual denial of a petition, the plaintiff alleged that the agency denied the petitions as part of a new policy that was not properly promulgated and inconsistent with applicable statutes and regulations. *Id.* To support its claim, the plaintiff attached a declaration stating that someone from the agency's California office "represented that they received clearance from headquarters" to apply the alleged "new policy" when denying the H-1B petitions. *Id*. The District Court held the plaintiff's lawsuit was "not

7

Case 1:11-cv-00198-WO-LPA Document 33 Filed 05/09/11 Page 7 of 19

justiciable" because it was challenging "an alleged 'policy'" and not a specific agency decision. *Id*. at 43-45.

Similarly, in *Arden Wood, Inc. v. U.S.C.I.S.*, 480 F.Supp.2d 141 (D.D.C. 2007), the District Court dismissed a lawsuit requesting judicial involvement in an agency's decision-making process. In *Arden Wood*, the plaintiff filed a lawsuit seeking "(1) declaratory relief regarding the correct interpretation and application of the [] statute [and regulations], and (2) injunctive relief from [an agency's] ongoing 'policy.'" *Id*. at 149. The District Court dismissed the lawsuit for lack of jurisdiction "[b]ecause such broad programmatic policy attacks do not present justiciable cases or controversies."

Here, Plaintiff's Amended Complaint should be dismissed because it asserts the exact same claims rejected by the courts in *Arden Wood* and *RCM Technologies*. In the Amended Complaint, Plaintiff asserts that the DOL has taken "active or selective enforcement positions" with respect to several issues surrounding the H-2A program. *See* Amended Complaint at ¶31. In its Prayer for Relief, Plaintiff seeks declaratory relief regarding the correct interpretation and application of IRCA and the H-2A Rule to the H-2A program. *Id*. at 14-15 (Dkt. Entry 6).

In other words, Plaintiff is requesting judicial improvement of the DOL's enforcement of the applicable laws and regulations surrounding the H-2A program. The Supreme Court has already found that courts lack subject matter jurisdiction over complaints seeking this relief. As stated in *Lujan*, Plaintiff "cannot seek *wholesale* improvement [of the DOL's conduct] by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally

8

Case 1:11-cv-00198-WO-LPA   Document 33   Filed 05/09/11   Page 8 of 19

made." 497 U.S. at 891. *Lugan* and its progeny make clear that a lawsuit seeking such improvements does not present a case or controversy. Therefore, the Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

> **2. The Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint because it does not challenge a final agency action, as required by the APA.**

Plaintiff's Amended Complaint should be dismissed because Plaintiff never challenges a final agency action. For a lawsuit to be maintained under the APA, the agency action in question must be considered a "final agency action." *See Lujan*, 497 U.S. at 882, citing 5 U.S.C. § 704. An agency action is "final" when two requirements are satisfied: (1) the action marks the consummation of the agency's decision-making process; and (2) the action must be one by which rights or obligations have been determined, or from which legal consequences must flow. *See Bennett v. Spear*, *Bennett*, 520 U.S. at 177-178; *Franklin v. Mass.*, 505 U.S. 788, 796-97 (1992)("The core question is whether the agency action has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.").

Courts require finality to ensure that judicial review only pertains to the agency's definitive position where no further factual development is required and immediate compliance is expected. *See Ocean County Landfill Corp. v. United States Environmental Protection Agency, Region II*, 631 F.3d 652, 655 (3d Cir. 2011). Courts are wary to entertain claims such as those brought by Plaintiff because "[j]udicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise." *FTC v. Standard Oil Co.*, 449 U.S. 232, 242 (1980).

9

Acts that are merely tentative or interlocutory in nature do not satisfy the APA's finality requirement. *See Ocean County Landfill Corp.*, 631 F.3d at 655, citing *Bennett*, 520 U.S. at 177-178.

Here, Plaintiff's Amended Complaint cannot satisfy either "finality" requirement. Plaintiff cannot point to any consummation of a DOL's decisionmaking process. Instead, Plaintiff seeks a complete usurpation of the process. The only "agency process" referenced by Plaintiff is the DOL's response to its request for clarification of the applicable laws and regulations. Plaintiff did not like that response. *See e.g.* Amended Complaint at ¶¶17, 26. However, this does not mean that the decisionmaking process may be usurped.

To maintain an action under the APA, Plaintiff must point to some "final" decision. *See e.g. Runaway Develop. Group v. Pentagen Techs. Int'l Ltd.*, 396 F. Supp. 2d 471, 474 (S.D. N.Y. 2005)(finding that classic examples of "final agency actions" include agency rules and rulemaking procedures as well as specific agency decisions). The regulations pertaining to the H-2A program are replete with many examples of DOL actions that would be classified as a "final agency action." *See e.g.* 20 CFR § 655.141 (Notice of Deficiency); 20 CFR §§ 655.150, 655.204, 655.206 (Determinations); 20 CFR § 655.164 (Denial of Certification); 20 CFR § 655.181 (Revocation of H-2A License); 20 C.F.R. § 655.182 (Debarment from H-2A program). Yet, Plaintiff cannot show that the DOL took any of these actions, or any other act that would be considered final under the APA. The only "agency action" that it asserts is a "terse response" to an informal phone call. Plaintiff has failed to meet the APA's finality requirement.

Plaintiff also cannot satisfy the second requirement of "agency action" where "rights or obligations have been determined, or from which legal consequences must flow." *Bennett*, 520 U.S. at 177-78. The DOL has made no decision that Plaintiff's practices are not in compliance with the applicable laws and regulations surrounding the H-2A program. *See* Amended Complaint (Dkt. Entry 6). Nor has the DOL made any determination of the proper interpretation of the various issues surrounding the H-2A program raised in Plaintiff's Amended Complaint. *Id*. Thus, **no** rights or obligations have been determined and **no** legal consequences have flown from the DOL's "terse response" to Plaintiff's informal inquiries.

Plaintiff cannot satisfy the finality requirements under the APA because it does not seek redress from any type of "final agency action." Instead, Plaintiff's Amended Complaint attempts to bypass the DOL and have this Court step into an agency's shoes to determine whether Plaintiff and its competitors are complying with the H-2A program. As dictated by *Lujan* and *Bennett*, such actions cannot be sustained and the Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

### 3. The Court does not have subject matter jurisdiction over Plaintiff's Amended Complaint because it seeks relief for purely discretionary acts taken by the DOL.

The Court also does not have subject matter jurisdiction over this lawsuit because Plaintiff does not challenge an agency action that is purely ministerial or non-discretionary. In its Amended Complaint, Plaintiff seeks a Court mandate regarding how the DOL should interpret the laws and regulations applicable to the H-2A program. *See* Amended Complaint (Dkt. Entry 6). Specifically, Plaintiff requests this Court order the

11

DOL to take certain positions when conducting investigations and overseeing the H-2A program. *Id*. at 14-15 (Dkt. Entry 6). As Congress has committed the administration of the H-2A program to the DOL's sole discretion, the Court must dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

In order to prevail on a claim under the APA, Plaintiff must overcome the hurdle enunciated by the Supreme Court in *Chaney*, 470 U.S. 821, which defined an exception to the general presumption that the DOL's actions are subject to judicial review. In *Chaney*, the Supreme Court held that an agency's decision with regard to how it enforces statutes and/or regulations is presumptively a decision "committed to agency discretion by law," and therefore, is not subject to judicial review. "[A]n agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)…and we believe that the Congress enacting the APA did not intend to alter that tradition." *Chaney*, 470 U.S. at 832. The Supreme Court found an agency's discretion on when, or how, to enforce its regulations akin to "the decision of a prosecutor in the Executive Branch not to indict -- a decision which has long been regarded as the special province of the Executive Branch, inasmuch as it is the Executive who is charged by the Constitution to 'take Care that the Laws be faithfully executed.'" *Id.*, citing U.S. Const., Art. II, § 3.

In *Giacobbi v. Biermann*, 780 F.Supp. 33 (D.D.C. 1992), the District Court, applying *Chaney*, dismissed the plaintiff's complaint under facts analogous to those alleged in the Amended Complaint. In *Giacobbi*, the plaintiff sued the Office of Federal Contract Compliance Programs ("OFCCP"), a division of the DOL, under the APA with

12

respect to a complaint he had filed pursuant to § 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793. *Id*. at 36. Specifically, the plaintiff argued that the DOL, through the OFCCP, acted in an "arbitrary and capricious" manner by failing to properly investigate his allegations and thus failed to comply with the laws. *Id.* The plaintiff also argued that the DOL's conduct amounted to a "*de facto* policy" of improper enforcement § 503 of the Rehabilitation Act.

The district court disagreed and dismissed the plaintiff's complaint. Specifically, the district court held that "the investigation itself, like the final decision whether or not to take enforcement action, is within the 'enforcement arena' and therefore, committed to agency discretion." *Id*. at 37.

> Deciding which claims are facially without merit, which claims merit investigation, and the level of investigation desirable, are all enforcement-related decisions. Each requires an assessment of how to spend an agency's limited enforcement resources. This is the type of agency decision which holds is not for a court to second guess. Absent law constraining an agency's discretion in making these decisions, determining the manner in which the agency conducts an investigation is part of the enforcement action committed to agency discretion by law.

*Id.*

Here, Plaintiff's Amended Complaint seeks the exact type of review rejected by *Chaney* and *Giacobbi*. In its Amended Complaint, Plaintiff alleges that Defendants MAS Labor, LSI and the other non-government defendants violated the applicable laws and regulations surrounding the H-2A program. *See* Amended Complaint at ¶¶16, 20, 22 and 29. Plaintiff contends that these violations give its competitors a competitive advantage. *Id*. Finally, Plaintiff asserts that it contacted the DOL to discuss the practices of its

13

competitors, as well as its own, in order to seek guidance from the DOL. *Id*. at ¶¶17, 23. Having received an informal response from the DOL that it does not like, Plaintiff is now asking this Court to conduct a factual investigation into the practices of the other non-government defendants in order to declare that they are violating the H-2A program and that Plaintiff's interpretation of the applicable laws and regulations is correct. In other words, Plaintiff is asking this Court to determine there are facts sufficient to merit an investigation ***and*** to make a final finding- i.e. to act as prosecutor, judge and jury.

This is the exact type of judicial involvement precluded by *Chaney* and its progeny. Congress has given the DOL discretion in ensuring that entities are complying with the requirements of the H-2A program. As part of that discretion, the DOL has the sole purview over the "enforcement arena" of the H-2A program. Plaintiff's Amended Complaint attempts to have this Court do an end-run around the DOL's investigatory powers and substitute itself for the DOL. Therefore, as dictated by *Chaney*, this Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

> **B**. **In the event the Court finds it has subject matter jurisdiction, the Court should dismiss MAS Labor and LSI from this lawsuit because they are not required parties under Fed. R. Civ. P. 19(a) and Plaintiff's Amended Complaint does not seek any relief against them.**

If the Court finds that it has subject matter jurisdiction over Plaintiff's Amended Complaint, the Court should dismiss Defendants MAS Labor and LSI from this lawsuit. Neither entity is a required party under Fed. R. Civ. P. 19(a). Moreover, Plaintiff's Amended Complaint does not seek any relief against MAS Labor or LSI and dismissing them from this case will not impair Plaintiff's ability to obtain the relief requested.

To determine whether MAS Labor and LSI are "required parties," the Court must turn to Fed. R. Civ. P. 19(a). Plaintiff asserts MAS Labor and LSI are "required parties" pursuant to Rule 19(a)(1)(B)(i) because they "have an interest in the subject of this action and [are] so situated that disposing of this action in its absence may as a practical matter impair or impede [MAS Labor and/or LSI's] ability to protect [their] interests." *See* Amended Complaint at ¶¶7, 11 (Dkt. Entry 6).

However, Rule 19 "does not require a court to join all persons whose interests might conceivably be affected by the decision in the case." *American Civil Liberties Union v. Board of Public Works*, 357 F. Supp. 877, 884 (D. Md. 1972), citing *Provident Tradesmens Bank v. Patterson*, 390 U.S. 102, 110 (1968). In *ACLU*, the District Court held non-defendant aid recipients were not required parties and that "[t]he fact that all recipients of aid under a challenged statute have a financial interest in the continuation of that statute does not lead inevitably to a conclusion that all aid recipients *must* be joined as parties." *Id*. *See also Robertson v. National Basketball Assoc.*, 389 F.Supp. 867, 879 (S.D.N.Y. 1975)("The mere fact that a decision in this case could conceivably affect [a party] does not automatically require its joinder"). In *ACLU*, while the resolution of the litigation may have affected the amount of aid received, the District Court found that this fact alone did not make an aid recipient a required party.

Here, the same result applies. While MAS Labor and LSI do not dispute they have a potential interest in this litigation, this potential interest alone does not make them a required party. First, Plaintiff seeks no relief against MAS Labor or LSI. Plaintiff is only seeking a declaratory order regarding the proper interpretation of the applicable laws

15

and regulations pertaining to the H-2A program. As importantly, Plaintiff is not seeking any order that its competitors are in violation of any law, statute or rule. Therefore, regardless of the outcome of this matter, Defendants MAS Labor and LSI will still have the ability to defend themselves against any allegations of impropriety should the DOL decide to conduct an investigation (as is the DOL's sole prerogative).

Second, irrespective of whether they are parties to this lawsuit, MAS Labor and LSI will still be involved in the H-2A program and be subject to the DOL's jurisdiction. Requiring them to be a party to this lawsuit would be akin to requiring an entity to participate in a lobbying effort to Congress to improve an agency's processes. While an ultimate decision may have an affect, financial or otherwise, on MAS Labor's and LSI's interests, this fact alone does not render them required parties under Fed. R. Civ. P. 19(a). *See A.C.L.U.*, 357 F. Supp. at 884. As such, this Court should dismiss Defendants MAS Labor and LSI from this lawsuit as they are not "so situated that disposing of this action in [their] absence may as a practical matter impair or impede [their] ability to protect its interests."

## V. Conclusion

WHEREFORE, Defendants MAS Labor and LSI respectfully request that the Court dismiss Plaintiff's Amended Complaint, or in the alternative, dismiss Defendants MAS Labor and LSI; award Defendants MAS Labor and LSI their costs and attorneys' fees; and award Defendants MAS Labor and LSI any other relief the Court deems just and proper.

Dated this 9th day of May, 2011.

                         Respectfully submitted,

                         s/ Aaron J. Longo
                         Aaron J. Longo, N.C. Bar No. 33462
                         McGuireWoods LLP
                         Bank of America Corporate Center
                         100 N. Tryon St., Suite 2900
                         Charlotte, North Carolina 28202
                         (704) 373-8958
                         (704) 353-6169 (facsimile)
                         alongo@mcguirewoods.com

                         Attorneys for Defendants MAS Labor, MAS-H2A and
                         Labor Services International

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE NORTH CAROLINA ) <br> GROWERS' ASSOCIATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HILDA L. SOLIS, U.S. ) <br> DEPARTMENT OF LABOR, MAS ) <br> LABOR, MAS-H2A, K-T LABOR, ) <br> AWMA L.L.C., ANDREW JACKSON, ) <br> and LABOR SERVICES ) <br> INTERNATIONAL, ) <br> ) <br> Defendants. | Case No.: 1:11-cv-00198-WO-LPA |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2011, I electronically filed Defendants' MAS Labor and LSI's Motion to Dismiss Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W.R. Loftis, Jr., Esq., CONSTANGY, BROOKS & SMITH, LLP, 100 N. Cherry St., Suite 300, Winston-Salem, NC 27602, (336) 721-1001, rloftis@constangy.com, counsel for plaintiff; Jessica W. P. D'Arrigo, United States Department of Justice, POB 868, Ben Franklin Station, Washington, DC 20044, (202) 307-8638, Jessica.W.DArrigo@usdoj.gov, counsel for defendants Hilda L. Solis and U.S. Department of Labor; Jessica C. Tyndall, Brown Law, LLP, 4130 Parklane Avenue, Suite 130, Raleigh, NC 27612, (919) 719-0858, Jessica@brownlawllp.com, counsel for defendant AWMA, LLC; Andrew M. Jackson, Andrew M. Jackson Attorney-at-Law,

18

Case 1:11-cv-00198-WO-LPA   Document 33   Filed 05/09/11   Page 18 of 19

POB 27, Clinton, NC 28329-0007, (910) 592-4121, andrewjacksonclinton@yahoo.com; and sent a copy of the foregoing by U.S. Mail to Kentucky Tennessee Labor Group, c/o Patricia Soward, 1646 Duntreath Drive, Lexington, KY 40504-2353; and Kentucky Tennessee Labor Corp., c/o/ Patricia Sowards, 3209 Monida Court, Lexington, Kentucky, 40515-5435.

> Respectfully submitted,
>
>     s/ Aaron J. Longo
> Aaron J. Longo, N.C. Bar No. 33462
> McGuireWoods LLP
> Bank of America Corporate Center
> 100 N. Tryon St., Suite 2900
> Charlotte, North Carolina 28202
> (704) 373-8958
> (704) 353-6169 (facsimile)
> alongo@mcguirewoods.com
>
> Attorney for Defendants MAS Labor, MAS-H2A and Labor Services International