| | |
|---|---|
| THE NORTH CAROLINA GROWERS' ASSOCIATION, INC.<br>    Plaintiff,<br><br>Vs.<br><br>HILDA L. SOLIS, U.S. DEPARTMENT OF LABOR, MAS LABOR, MAS-H2A, K-T LABOR, AWMA, L.L.C., ANDREW JACKSON, and LABOR SERVICES INTERNATIONAL | CASE NO.: 1:11-cv-00198-WO-LPA |

### DEFENDANT ANDREW JACKSON'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS AND TO DROP PARTY DEFENDANT, OR, ALTERNATIVELY, TO DISMISS FOR FAILURE TO JOIN PARTY

Defendant Andrew Jackson submits this brief in support of his motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to drop party defendant pursuant to Fed. R. Civ. P. 21, or, alternatively, to dismiss for failure to join party pursuant to Fed. R. Civ. P. 12(b)(7).

### STATEMENT OF THE CASE

On March 11, 2011, Plaintiff instituted this action by filing its Complaint in this Court. (Doc. 1). Thereafter, on March 24, 2011, Plaintiff filed its First Amended Complaint adding Labor Services International as additional party defendant. (Doc. 6). In lieu of filing Answer, Defendant Jackson filed motion to dismiss Plaintiff's First Amended Complaint and to drop party defendant, or, alternatively, to dismiss for failure to join party, which motion is before the Court.

### STATEMENT OF THE FACTS

Under the H-2A rules, U.S. farmers may employ non-immigrant foreign workers to perfom farm labor in this country on a temporary or seasonal basis when domestic farmworkers are unavailable, so long as certain stringent regulatory requirements are met. H-2A employers must deal with multiple federal and State agencies through a lengthy and complicated application process. (Doc. 6 ¶¶1, 12).

Generally speaking, H-2A employers choose between joining an association of employers like Plaintiff and employing an attorney (or non-attorney agent) to obtain foreign labor certification and H-2A visa approval. As a prerequisite to filing an H-2A application with the U.S. Department of Labor ("USDOL"), a prospective H-2A employer must first file a job order with the relevant State Workforce Agency ("SWA"). Id. at 14. SWA's work directly with H-2A employers (or their non-attorney agents) to fill job opportunities with U.S. workers. Id. at ¶ 21. Plaintiff is an association of about 700 farmers and is the largest provider of H-2A workers in the United States. Id. at ¶4. Defendant USDOL is responsible for administration and enforcement of the H-2A regulations. Id. at ¶¶5, 6, 12. Defendants MAS Labor, MAS-H2A, K-T Labor, AWMA, L.L.C., and Labor Services International are non-attorney agents for some but not all H-2A employers. Id. at ¶¶7-9, 11. Defendant Andrew Jackson is a North Carolina attorney who represents select H-2A employers in the course of his practice. Id. at ¶10. Plaintiff alleges that Defendant Jackson:

> 1. Is able to offer H-2A services to farmers at a lower cost than Plaintiff because Jackson's agent in Mexico charged "processing fees" to H-2A workers in 2009, 2010, and 2011. Id. at ¶18.
>
> 2. Has obtained a competitive advantage over Plaintiff by preparing and filing "blanket applications" for his clients in 2010 and 2011. Id. at ¶¶22, 24.

Plaintiff does not seek any relief at all from Defendant Jackson and fails to allege that Defendant Jackson has committed any actionable violations that would entitle Plaintiff to relief from him under any legal theory. Rather, Plaintiff seeks blanket judicial decrees involving USDOL's interpretation and enforcement position relative to the current H-2A rules affecting all H-2A employers nationwide:

> 1. It is lawful to charge "processing fees", or, alternatively, that "processing fees" cannot be charged by ***any H-2A employer or agent, including but not limited to*** Jackson and the non-attorney agents. Id. at ¶19. (emphasis added).

2. "It is lawful for *all H-2A employers or their agents* to file 'blanket' applications…." Id. at ¶25. (emphasis added).

3. "It is not unlawful for *any H-2A employer or its agent* to allow U.S. applicants to be pre-screened through the applicable" SWA, or, alternatively, that "all U.S. applicants must be initially screened through a telephone interview *by all H-2A employers or their agents*". Id. at ¶28. (emphasis added).

Although no H-2A employer is named a party defendant to this action, Plaintiff asserts that Defendant Jackson is a required party, along with the non-attorney agents.[1] Id. at ¶¶7-11. There is no allegation that Defendant Jackson and the named non-attorney agents represent <u>all</u> other H-2A employers who are not members of Plaintiff. No SWA is named as a party defendant.

## QUESTIONS PRESENTED

1. Whether Defendant Jackson has capacity to be sued as the attorney for his H-2A employer-clients;

2. Whether Defendant Jackson is a required party under Fed. R. Civ. P. 19; or,

3. Alternatively, if the Court determines that Defendant Jackson is a required party, whether <u>all</u> H-2A employers and SWA's nationwide are required parties; and further,

   a. Whether joinder of all H-2A employers and SWA's is feasible; and,

   b. Whether the absent H-2A employers and SWA's are indispensable such that this action must be dismissed.

## ARGUMENT

1. Defendant Jackson lacks capacity to be sued by Plaintiff because he is not a real party in interest to this litigation and he is not the legal representative for any of his H-2A employer-clients.

---

[1] An agent "is not itself an employer…with respect to a specific application." 20 C.F.R. § 655.103(b), *Definitions*.

Rule 17(b) only provides that the general capacity to be sued is determined by North Carolina law. In order to state a claim against an employee in his individual capacity, a Plaintiff must allege individual capacity in the complaint. Isenhour v. Hutto, 350 N.C. 601, 517 S.E.2d 121, 126 (1999); Mulls v. Sechrest, 347 N.C. 548, 495 S.E.2d 721, 723-24 (1998). Plaintiff's First Amended Complaint clearly states that Defendant Jackson is being sued through the course of his employment as the attorney for unnamed H-2A employers. "Among other aspects of his law practice, Jackson assists farmers in applying for workers under the H-2A program."[2] (Doc. 1 ¶10). The attorney-client relationship is that of principal and agent, with the attorney being the counselor and advocate for his client. State v. Colson, 186 N.C.App. 281, 680, S.E.2d 656 (2007), *writ denied, review denied, appeal dismissed* 362 N.C. 89, 656 S.E.2d 280 (2007). Plaintiff chose to sue Defendant Jackson rather than actual H-2A employers because doing so would make it less likely H-2A employers would choose to join (or re-join) Plaintiff's association. Plaintiff misses the mark entirely by placing Defendant Jackson in the shoes of his H-2A employer-clients. Although Defendant Jackson is their attorney, he is not their legal representative. The term "legal representative" was intended to reach only those individuals in a position tantamount to that of a party, such as the personal representative of a decedent's estate or trustee over a trust. See Heyman v. M.L. Marketing Co., 116 F.3d 91, (4th Cir. 1997) (finding bankruptcy trustee's relationship to the estate's creditors was not analogous to attorney-client relationship but rather was analogous to that of a solvent corporation's management, *supported by* Commodity Futures Trading Comm. v. Weintraub, 471 U.S. 343 (1985)); "attorneys are not 'legal representatives' for the purposes of Rule 60(b)" Id. at 95 (citations omitted)). Moreover, unlike any H-2A employer, Defendant Jackson would not be affected directly by a final judgment in this action because he does not employ H-2A workers. Joining Defendant Jackson in this litigation is akin to suing a defense attorney for the tortious conduct of his client.

---

[2] Jackson prepares Job Orders, or work contracts, on behalf of his H-2A clients. (See Doc. 1 ¶20-21 and 20 C.F.R. § 655.103(b), *Work contract*). Drafting Job Orders on behalf of H-2A employers is the practice of law in North Carolina. Chapter 84, N.C. General Statutes. (See N.C. Gen. Stat. § 84-5, which prohibits corporations not authorized to practice law from drawing agreements for others).

Assuming, *arguendo*, that Defendant Jackson is his clients' legal representative for purposes of this litigation, there is no North Carolina statute permitting a suit by a third party against an attorney representing his client. By way of example, a nonresident estate representative has capacity to be sued by virtue of a North Carolina General Statue, but "nonresident administrators are otherwise held to lack the capacity to sue or be sued." Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969) (citing Brauff v. Commissioner of Revenue, 251 N.C. 452, 111 S.E.2d 620 (1959); Cannon v. Cannon, 228 N.C. 211, 45 S.E.2d 34 (1947); Monfils v. Hazlewood, 218 N.C. 215, 10 S.E.2d 673 (1940)).

Plaintiff fails to assert any claims against Defendant Jackson sufficient to survive the instant Rule 12(b)(6) motion to dismiss. Plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged" in the First Amended Complaint. Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988). Moreover, Defendant Jackson is not the real party in interest to this litigation. He lacks the capacity to be sued by Plaintiff and this action should be dismissed as to Defendant Jackson and an order entered dropping him as party defendant.

2. Defendant Jackson is not a required party because nothing impairs or impedes him from protecting his interests.

Rule 19(a)(1)(B)(i) provides that a person shall be joined when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may…as a practical matter, impair or impede the person's ability to protect the interest…" Although the USDOL's interpretations and enforcement position on these issues matter to Defendant Jackson, these issues are of greater importance to H-2A employers seeking foreign labor certification from USDOL. The rule "provides that non-parties should be joined in an action where the decrees might be detrimental to them. But the Rule does not require a court to join all persons whose interests might conceivably be affected by the decision in the case." American Civil Liberties U. of Md. v. Bd. of Pub. Wks., 357 F.Supp. 877, 884 (D.Md. 1972) (citing Provident Tradesmen's Bank v. Patterson, 390 U.S. 102, 110 (1968)). The fact that Defendant Jackson has an interest in this litigation by way of providing counsel

and legal advice to his H-2A employer clients does not lead inevitably to a conclusion that he (or any particular client he represents) must be a party defendant. As noted parenthetically in ACLU at 884, non-party H-2A employers could move for intervention under Fed. R. Civ. P. 24, if concerned that their interests in the case justify the burdens of litigation. The only connection Plaintiff makes between the present litigation and any potential claim of interest Defendant Jackson might have is in the issue presented, which is USDOL's interpretation and enforcement position with respect to rules that all H-2A employers must abide by. (See Barefoot v. City of Wilmington, N.C., 37 Fed.Appx. 626, 636 (4th Cir. 2002) (finding that district court did not abuse its discretion in denying joinder motion by finding only similarity between the litigation and absent party's claim was in the issues presented)). Nothing impairs or impedes Defendant Jackson from protecting his or his clients' interests through the administrative review process provided for in the H-2A regulations. See 20 C.F.R. §§ 655.164, 655.165, 655.171. Any adverse USDOL labor certification determination or enforcement action affecting Defendant Jackson or his clients may be appealed to an Administrative Law Judge. Moreover, Defendant Jackson's clients, like other stakeholders in the H-2A program, may move to intervene in this case.

In two other cases since 2009, Plaintiff has sought declaratory relief against USDOL in this Court. See N.C. Growers' Ass'n. v. Solis, 644 F.Supp.2d (M.D.N.C. 2009) (violations of Administrative Procedures Act pertaining to promulgation of H-2A rules) and N.C. Growers' Ass'n. v. Solis, No. 1:10-CV-00200-WO-LPA (M.D.N.C.) (alleging violations of Regulatory Flexibility Act and Administrative Procedures Act pertaining to promulgation of H-2A rules). Defendant Jackson represented H-2A employers during the pendency of both these actions, but neither he nor his clients were required parties. It is worth noting that a group of H-2A farmworkers and farmworker interest groups became intervenor defendants in both cases, which reflects that absent parties with an interest at stake may avail themselves of the burdens of Plaintiff's litigation. There is very little different about Defendant Jackson's ability to protect his and his clients' interests in the instant litigation as in Plaintiff's earlier jousting with USDOL. In the instant litigation, at issue is USDOL's interpretation and enforcement position with respect to the

current H-2A rules. The outcome of this litigation will affect primarily the application process for Defendant Jackson's clients and whether unlimited numbers of job opportunities will be open to U.S. workers and for how long. The economic interests at stake for Defendant Jackson's clients and U.S. workers in corresponding H-2A employment are no different in the instant case than in Plaintiff's prior cases against USDOL in the Middle District. These interests do not warrant imposing the burdens of litigation on Defendant Jackson – or his clients. Therefore, for all of the foregoing reasons, the Court should dismiss Andrew Jackson or order that he be dropped as a party.

ALTERNATIVE ARGUMENT TO DISMISS UNDER FED. R. CIV. P. 12(b)(7)

3. If the Court finds that Defendant Jackson's presence is required, then it naturally follows that all H-2A employers and SWA's nationwide are required parties.

"Rule 19…sets forth a two-part inquiry for determining whether a court must dismiss an action for failure to join an indispensable party. First, a court must determine whether the person is 'required' under Rule 19(a)." Pettiford v. City of Greensboro, 556 F.Supp.2d 512, 518 (M.D.N.C. 2008) (citing Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005)). "If the absent person is a required party, the court must order his joinder and the action may continue." Id. (citing RPR & Assocs. v. O'Brien/Atkins Assocs., 921 F.Supp. 1457, 1463 (M.D.N.C.1995)). "Second, if joinder is required but is not feasible, the court must determine whether the person is 'indispensable' under Rule 19(b) such that the action must be dismissed." Id. (citing Wood, 429 F.3d at 92; RPR & Assocs., 921 F.Supp. at 1463).

As discussed *supra* any final judgment in this action would directly affect the property and other legal rights of all H-2A employers nationwide. In addition, all SWA's will be directly affected by a final judgment on "blanket" applications, and the pre-screening of U.S. applicants. (See Doc. 6 ¶¶ 25, 28). If this Court declares "blanket" applications unlawful, then SWA's would be forced to process multiple applications for each grower throughout the growing season and the SWA's workload would increase exponentially. (See Id. ¶¶13, 23). Similarly, if all U.S. applicants are required to be pre-screened through the SWA's, then H-2A employers' administrative costs will be shifted to the SWA's, resulting in

more work for the SWA's. (See Id. ¶¶14, 28). All these issues directly affect H-2A employers and SWA's nationwide, such that the absent parties are required parties. Moreover, as stated earlier these absent parties have far greater interests at stake in this case than Defendant Jackson.

      a. Joinder of all H-2A employers and SWA's is not feasible

Having all H-2A employers and SWA's nationwide joined in this litigation will place a heavy burden on Plaintiff, USDOL, and this Court by making this case more complex and costly. By casting an overly broad net, the Court would inevitably burden thousands of small H-2A farmers with costly litigation. (See N.C.G.A. v. Solis, No. 1:10-CV-00200-WO-LPA (M.D.N.C.) (Doc. 1 ¶26)). From a practical standpoint, joinder of the absent parties is not feasible.

      b. The absent H-2A employers and SWA's are indispensable

There are four factors the court must consider to determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The first factor is "the extent to which a judgment rendered in the person's absence might prejudice" the absent party or the existing party. Fed. R. Civ. P. 19(b)(1). In this case, Plaintiff's requested declaration on pre-screening U.S. applicants would shift the administrative burden and costs between SWA's and H-2A employers, thereby prejudicing one or the other. Similarly, a declaration that "blanket" applications are unlawful would be prejudicial to both absent H-2A employers who file one Job Order at the beginning of the season and the SWA's that accept "blanket" Job Orders. Absent H-2A employers and SWA's might not become aware of this litigation until after entry of judgment such that their interests would not have been protected.

The second factor is whether "any prejudice could be lessened or avoided by protective provisions"…; shaping the relief; or other measures." Fed. R. Civ. P. 19(b)(2). In this case, Plaintiff seeks declaratory relief that will affect every H-2A employer and SWA. It does not seem just or proper for the Court to protect absent parties from a final judgment interpreting major parts of the current H-2A

regulations. Uniform enforcement of USDOL's interpretation the regulations is the essence of Plaintiff's claim and bringing in all affected parties avoids any prejudice.

The third factor is whether "a judgment rendered in the person's absence would be adequate." Fed.R.Civ.P. 19(b)(3). Although a declaratory judgment in an action between Plaintiff and USDOL as the only parties would be adequate to clarify USDOL's interpretation and enforcement position, a declaratory judgment without any individual H-2A employers and SWA's would be inadequate to impose new and different obligations on all H-2A employers or their agents and the applicable SWA's as Plaintiff sets out to do. Inadequate relief would spur piecemeal litigation by way of individual appeals of adverse USDOL labor certification determinations and enforcement decisions.

The fourth factor is whether Plaintiff is left with an adequate remedy if this case were to be dismissed. Fed.R.Civ.P. 19(b)(4). Plaintiff complains that it received "no response or a terse instruction to read the regulation" regarding "processing fees" (Doc. 6 ¶19); that it is forced to file multiple H-2A applications for its growers in a given season (Id. ¶23); and, that it must accept calls directly from U.S. applicants (Id. ¶26). Plaintiff fails to point to any particular H-2A application that has been denied or partially certified by USDOL. An H-2A employer aggrieved by USDOL's denial of labor certification or partial certification reducing either the period of need or number of workers, has redress through the expedited administrative review process provided for in the H-2A regulations at 20 C.F.R. §§ 655.164, 655.165, and 655.171. Administrative review is an adequate remedy for Plaintiff to contest USDOL's interpretation of the rules and its enforcement position with respect to Plaintiff.

Considering the above four factors, this Court should find that all H-2A employers and SWA's are indispensable such that this action must be dismissed under Rule 12(b)(7).

CONCLUSION

Plaintiff asserts no claims against Defendant Jackson and he not a required party and should be dismissed from this case. Alternatively, if the Court finds that Defendant Jackson is a required party, then it should conclude that all H-2A employers and State Workforce Agencies nationwide are required

parties through similar reasoning.  Because it is not feasible for all H-2A employers and SWA's to be made parties, and the absent parties are indispensable, this action should be dismissed.

Respectfully submitted this the 16th day of May, 2011.

/s/ Andrew M. Jackson
Andrew M. Jackson, N.C. Bar No. 28594
407 College Street
P.O. Box 27
Clinton, NC  28329-0027
(910) 592-4121
Fax # 590-1012
andrewjacksonclinton@yahoo.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically via the Court's CM/ECF case management system and served via the Court's CM/ECF case management system on the following parties:

W. R. Loftis, Jr., Esq.
Constangy, Brooks & Smith, LLP
100 N. Cherry St., Suite 300
Winston-Salem, NC 27101
rloftis@constangy.com

ROBIN E. SHEA
CONSTANGY BROOKS & SMITH, LLP
100 N. CHERRY ST., STE. 300
WINSTON-SALEM, NC 27101
336-721-1001
Fax: 336-748-9112
rshea@constangy.com

Aaron J. Longo, Esq.
McGuire Woods LLP
Bank of America Corporate Center
100 N. Tryon St., Suite 2900
Charlotte, NC  28202
alongo@mcguirewoods.com

JESSICA C. TYNDALL
BROWN LAW, LLP
4130 PARKLAKE AVENUE
SUITE 130
RALEIGH, NC 27612
919-719-0854
Fax: 919-719-0858
jessica@brownlawllp.com

JESSICA W. P. D'ARRIGO
UNITED STATES DEPARTMENT OF JUSTICE
POB 868
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-307-8638
Fax: 202-305-7000
Jessica.W.DArrigo@usdoj.gov

GEOFFREY FORNEY
U. S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
450 FIFTH ST., NW
WASHINGTON, DC 20001
202-532-4329
Fax: 202-532-4393
geoff.forney@usdoj.gov

In addition, the following non-CM/ECF participating parties were served this date via U.S. First Class mail addressed as follows:

K-T Labor Group
c/o Paticia Soward
1646 Duntreath Drive
Lexington, KY 40504-2353

This the 16th day of May, 2011.

/s/ Andrew M. Jackson
Andrew M. Jackson, N.C. Bar No. 28594
P.O. Box 27
Clinton, NC 28329-0027
(910) 592-4121
Fax # 590-1012